Our second case for this morning is Amaya v. Attorney General Sessions. Mr. Budzinski. Good morning, Your Honors. May it please the Court, Alexander Budzinski for the petitioner Hector Amaya. The procedural posture of this case makes it somewhat complicated. This is a petition for review of a motion to reconsider, which this Court reviews for an abuse of discretion. Mr. Amaya sought withholding of removal under 8 U.S.C. § 1231. The BIA dismissed his administrative appeal, and then Mr. Amaya moved for reconsideration. And as I read the motion, challenging virtually all of the BIA's factual and legal conclusions. So the government argues that your presentation here really doesn't address the kinds of things that we would need to think about when we're deciding whether there's an abuse of discretion and denying a motion to reconsider. It's not just a complete redo of the underlying decision. And I do understand that argument, and I don't think Mr. Amaya merely republished the same arguments again in his motion to reconsider. He did, I think, challenge every factual and legal conclusion, but in support of that, he pointed to a separate rationale. He pointed to a case that the BIA cited as a matter of SMJ, and he explained that he did not believe that that case was supportive of the BIA's decision, and rather supported his contention that he was eligible for withholding of removal. So in that larger context, I think we can look at whether Mr. Amaya is eligible for withholding of removal. So are there facts or law that the BIA overlooked? I mean, as opposed to realizing it's there and just coming to a conclusion that you believe was not the right conclusion. Generally, I think they overlooked all of the facts. I think Mr. Amaya presented sufficient evidence that he was eligible for withholding of removal. And I think the case they discussed discusses the amount of evidence that Mr. Amaya needs to present to qualify. And I think rather than supporting the decision that Mr. Amaya hadn't, it supports the conclusion that Mr. Amaya did present sufficient evidence to qualify for withholding of removal. But in the original decision, the BIA indicates its agreement with the opinion of the immigration judge. This would be Immigration Judge Vinokur. And they say, we think he's right, and the respondent didn't carry his evidentiary burden to demonstrate persecution, etc., etc. So why should we infer that they weren't paying attention to the evidence? Well, I think based on our legal arguments in this case, demonstrating that he does qualify for withholding of removal on the basis of his membership in a particular group, a particular social group, and the persecution he anticipates in Mexico shows that he does qualify for withholding of removal. If we can establish that, then it looks like there's an abuse of discretion, including that he's not eligible. The problem here is that your motion for reconsideration was entirely conclusory. All you did was say, look back at the record, BIA, we proved entitlement to withholding of removal. There's nothing else there. The whole argument is contained on two, barely two pages. You know, that's just not enough. You need to identify evidence that the board ignored, or a legal principle that was brought to the board's attention that the board ignored. And this motion just doesn't do that. And I do understand that, Your Honor. But I do think that Mr. Maia's challenge to virtually all of the legal and factual conclusions would suffice. It does not. That's just an unsupported and unsupportable statement. You can't just say, look back at the evidence, we proved our case. That's not enough to get reconsideration. Moving forward now, we believe Mr. Maia qualifies for withholding of removal. That argument has been waived. I understand. What you've got here is a motion for reconsideration. And if you can't show that the board erred in denying reconsideration, then you can't get to the merits of the underlying claim. I understand, Your Honor. If there are no further questions, then. You can save the rest of your time for rebuttal, if you like. Thank you. Mr. Alexander. May I please the court? Our position clearly is, as Your Honor has stated, that the motion for reconsideration, that all the court is doing is looking at whether the board abused its discretion, very deferential standard, abused its discretion in denying the motion for reconsideration. And as Your Honor pointed out, the motion for reconsideration itself is facially insufficient. And as far as the government is concerned, that's as far as we need to go. And it's, we don't presume to take the court's time unless there's other questions that the court would like us to discuss. No, I mean, there was no petition for review from the underlying order, which would have been the time to have perhaps delved into whether social group was appropriately defined. You know, I take it that it's your view that none of this is really properly before us. Correct. And it's worth pointing out that Mr. Amaya could have filed his petition for review of the board's original decision and filed a motion for reconsideration. He could have done both. No, it's an interesting system that we have here in immigration because you file separate petitions for review from everything, from the underlying decision, from motions to reconsider, motions to reopen, the whole gamut. Because we don't have something like Rule 59 in the immigration area. And it's interesting to note that the decision, the court's recent decision on a particular social group that, you know, if we were to get to the merits, which we believe we should not, but if we were, the Dominguez-Polito decision, there are three separate petitions for review in that case. As you say, there was a direct PFR, there was a motion to reconsider, there was a motion to reopen. All of that was consolidated before the court. And so there's no reason that if Mr. Amaya felt there was some advantage to seeking reconsideration that he couldn't have done that and also filed his petition for review. And unfortunately for him, he did not do that. And so at this point, there's really nothing for the court to do other than to look at the motion for reconsideration to determine that the board did not abuse its discretion in denying what was clearly an insufficient motion. And that's the end of the matter. Okay. Thank you. Thank you very much. Anything further, Mr. Pudzinski? Nothing further unless there are questions, Your Honor. Seeing none, thank you very much. Thanks to both counsel, and we will take this case under advisement. Thank you.